UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PERLA G. GUTIERREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-cv-1555 |
| | § | |
| SN SERVICING CORPORATION | § | |
| AND U.S. BANK TRUST NA., AS | § | |
| TRUSTEE FOR BUNGALOW | § | |
| SERIES IV TRUST, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Defendants' SN Servicing Corporation and U.S. Bank Trust NA., as Trustee for Bungalow Series IV Trust ("U.S. Bank") (collectively, "Defendants") Motion to Dismiss (ECF No. 7). Based on a review of the motion, arguments, and relevant law, the Court **RECOMMENDS** the Defendants' Motion to Dismiss (*id.*) be **GRANTED**.

### I.  Background

According to Plaintiff Perla A. Gutierrez's ("Plaintiff") Original Petition, she purchased the property at issue on March 4, 2004. (ECF No. 1 at 15). Plaintiff alleges her property was posted for foreclosure sale to occur on April

---

[1] This case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 4).

1, 2025. (*Id.*). Plaintiff was surprised because she was not aware of the default and did not receive notice from Defendants regarding the scheduled foreclosure sale. (*Id.* at 15–16).

On March 31, 2025, Plaintiff sued Defendants for breach of contract and alleged violations of Texas Property Code Section 5.065 in the 125th District Court of Harris County, Texas, as Case No. 2025-21451, to prevent a foreclosure sale of the property. (*See id.* at 16–21). On April 4, 2025, Defendants removed the case to this Court. (*See id.* at 1). After removal, Defendants filed the instant Motion to Dismiss for Failure to State a Claim. (ECF No. 7). Plaintiff did not file a response.

## II. Legal Standard

Federal Rule of Civil Procedure ("Rule") 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss, a court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010). In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of a plaintiff, a plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994); *see also Firefighters' Ret. Sys. v. Grant Thornton, L.L.P.*, 894 F.3d 665, 669 (5th Cir. 2018) ("Although a complaint does not need detailed factual allegations, the allegations must be enough to raise a right to relief above the speculative level . . . .") (internal quotations omitted)). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Firefighters' Ret. Sys.*, 894 F.3d at 669 (quoting *Iqbal*, 556 U.S. at 678). "The court is not required to conjure up unpled allegations or construe elaborately arcane scripts to save a complaint." *Santerre v. Agip Petroleum Co., Inc.*, 45 F. Supp. 2d 558, 568 (S.D. Tex. 1999) (internal quotations omitted).

To determine whether to grant a Rule 12(b)(6) motion, a court may only look to allegations in a complaint to determine their sufficiency. *Id.*; *Atwater*

3

*Partners of Tex. LLC v. AT & T, Inc.*, No. 2:10-cv-175, 2011 WL 1004880, at *1 (E.D. Tex. Mar. 18, 2011). "A court may, however, also consider matters outside the four corners of a complaint if they are incorporated by reference, items subject to judicial notice, matters of public record, orders, items appearing in the record of a case, and exhibits attached to a complaint whose authenticity is unquestioned." *Joubert on Behalf of Joubert v. City of Houston*, No. 4:22-cv-3750, 2024 WL 1560015, at *2 (S.D. Tex. Apr. 10, 2024).

### III. Discussion

Defendants move to dismiss Plaintiff's Original Petition for failure to state a claim upon which relief can be granted. (ECF No. 7). Plaintiff did not respond to Defendants' motion. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. TEX. LOCAL R. 7.4. Regardless of Plaintiff's failure to respond to the motion to dismiss, the Court will consider the merits of Defendants' motion before the Court. *See Gonzalez v. Mongo*, No. 24-cv-5145, 2025 WL 2174763, at *2 (S.D. Tex. July 31, 2025); *Chilton v. Texas S. Univ.*, No. 4:24-cv-1646, 2024 WL 4282092, at *1 (S.D. Tex. Sept. 24, 2024) ("[W]here a party does not respond to a motion to dismiss, such failure does not permit the Court to enter a 'default' dismissal.").

### a. Breach of Contract

The essential elements of a breach of contract claim in Texas are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (cleaned up).

As to the first prong, it does not appear that Plaintiff disputes that U.S. Bank is the holder and beneficiary of the Note and Deed of Trust. (ECF No. 1 at 15).

As to the second prong, Plaintiff states she was not aware of a default. (*Id.*). Defendants argue Plaintiff effectively admits that she defaulted. (ECF No. 7 at 6). Even if the Court agreed and found that that this concession is fatal to her breach of contract claim at this juncture, "there are some instances in which a borrower's default on a loan does not preclude them from maintaining a breach of contract action against their lender." *Harvey v. Velocity Com. Cap. Loan Tr.*, No. 20-cv-2129, 2021 WL 828621, at *2 (N.D. Tex. Feb. 17, 2021), *report and recommendation adopted*, No. 20-cv-2129, 2021 WL 826416 (N.D. Tex. Mar. 4, 2021); *see also Williams v. Wells Fargo Bank, N.A.*, 884 F.3d 239, 245 (5th Cir. 2018) ("If performance of the terms of a deed of trust governing the parties' rights and obligations in the event of default can

always be excused by pointing to the debtor's default under the terms of the note, the notice terms have no meaning. Such a reading is inconsistent with the intent of the parties and with Texas law.").

As to the third prong, Plaintiff alleges Defendants did not notify Plaintiff of a default, that "[d]uring the course of the past few months, Defendants have refused to accept payments from . . . Plaintiff," and that Plaintiff disputes how some of her payments have been attributed to the loan. (ECF No. 1 at 15–16). However, Plaintiff did not identify the provisions in the Note or Deed of Trust that was allegedly breached by Defendants. *See Mitchell v. Prestige Default Servs. LLC*, No. 3:23-cv-2534, 2024 WL 3237170, at *3 (N.D. Tex. June 6, 2024), *report and recommendation adopted*, No. 3:23-cv-2534, 2024 WL 3239934 (N.D. Tex. June 28, 2024).

Finally, as to the fourth prong, Plaintiff fails to plead with specificity that she suffered actual damages as a result of Defendants' actions. *See Langen v. Sanchez Oil & Gas Corp.*, No. 4:18-cv-2840, 2019 WL 1674348, at *3–4 (S.D. Tex. Apr. 17, 2019) ("District courts in the Fifth Circuit frequently dismiss contract claims for failure to plead actual damages with specificity.") (collecting cases). Here, Plaintiff states she "is entitled to recover its [sic] actual damages from Defendants for which Plaintiff pleads in an amount which does not exceed the jurisdictional limits of this Court." (ECF No. 1 at 19). This

6

statement is inadequate to plead actual monetary damages. *See Langen*, 2019 WL 1674348, at *4. Plaintiff does not specifically allege that she suffered *actual* damages from Defendants' actions. *See CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 278 (5th Cir. 2009) (explaining that "'[a] party may not recover damages for breach of contract if those damages are remote, contingent, speculative, or conjectural.'" (quoting *City of Dallas v. Villages of Forest Hills, L.P., Phase I*, 931 S.W.2d 601, 605 (Tex. App.—Dallas 1996, no writ))).

As such, the Court recommends Defendants' motion to dismiss should be granted with regard to Plaintiff's breach of contract claim.

    b. Texas Property Code § 5.065

Plaintiff asserts Defendants violated Texas Property Code § 5.065 by failing to give proper notices of default and acceleration of the debt. (*See* ECF No. 1 at 17–18). Even if Plaintiff's allegations were true, she could not state a claim under § 5.065 because that section of the statute applies to "contracts for deed." *See* TEX. PROP. CODE § 5.065 (providing that "a purchaser in default *under an executory contract for the conveyance of real property* may avoid the enforcement of a remedy described by Section 5.064 by complying with the terms of the contract on or before the 30th day after the date notice is given under that section." (emphasis added)); *Santarose v. Deutsche Bank Nat'l Tr. Co.*, No. 4:19-cv-567, 2020 WL 13669040, at *3 n.2 (S.D. Tex. Apr. 7, 2020)

7

(holding a loan agreement is not a contract for deed covered by § 5.065 and noting that "contract for deed, unlike a typical secured transaction involving a deed of trust, is a financing arrangement that allows the seller to maintain title to the property until the buyer has paid for the property in full." (quoting *Morton v. Nguyen*, 412 S.W.3d 506, 509–10 (Tex. 2013))). As such, Plaintiff's claim for violation of Texas Property Code § 5.065 should be dismissed. *See Black v. NewRez LLC*, No. 4:24-cv-0028, 2024 WL 1775343, at *3 (S.D. Tex. Apr. 2, 2024).

    c. Accounting

Plaintiff also asserts a claim for accounting. (ECF No. 1 at 18). Defendants argue the Court should find that an accounting is an equitable remedy and not an independent cause of action. (ECF No. 7 at 8 (citing *Henry v. CitiMortgage, Inc.*, No. 4:11-cv-83, 2011 WL 2261166, at *8 (E.D. Tex. May 10, 2011), *report and recommendation adopted,* No. 4:11-cv-83, 2011 WL 2214007 (E.D. Tex. June 7, 2011))). However, Defendants acknowledge that some courts treat a request for an accounting as a standalone cause of action. (*Id.* (citing *Saenz v. JP Morgan Chase Bank, N.A.*, No. 7:13-cv-156, 2013 WL 3280214, at *5 (S.D. Tex. June 27, 2013))).

Even if the Court treated Plaintiff's request for an accounting as a standalone cause of action, "[a]n equitable accounting is proper when the facts

and accounts presented are so complex that adequate relief may not be obtained at law." *Hutchings v. Chevron U.S.A., Inc.*, 862 S.W.2d 752, 762 (Tex. App.—El Paso 1993, writ denied). Here, Plaintiff's Complaint "does not include allegations that even suggest that the facts and accounts presented are so complex that adequate relief may not be obtained at law." *Saenz*, 2013 WL 3280214, at *5. As such, Plaintiff's request for an accounting should be dismissed. *See id.*

    d. <u>Breach of Cooperation</u>

In Texas, "[a] duty to cooperate is implied in every contract in which cooperation is necessary for performance of the contract." *Case Corp. v. Hi-Class Bus. Sys. of Am., Inc.*, 184 S.W.3d 760, 770 (Tex. App.—Dallas 2005, pet. denied). "The duty to cooperate is a 'promise that a party will not do anything to prevent or delay the other party from performing the contract.'" *Dick v. Colorado Hous. Enterprises, L.L.C.*, 780 F. App'x 121, 124 (5th Cir. 2019) (quoting *Texas Nat. Bank v. Sandia Mortg. Corp.*, 872 F.2d 692, 698 (5th Cir. 1989)).

Here, Plaintiff alleges Defendant breached the duty of cooperation because "Defendants failed to respond to Plaintiff's requests for an updated payoff until it was too late for the parties to reach an agreement on the delinquent balance." (ECF No. 1 at 19). Plaintiff also states she "requested

9

the continuation of the loan, despite a dispute over the amount of money due and owing to Defendant" and that she "notified Defendant of the dispute in writing." (*Id.* at 16).

"[Alt]hough a 'duty to cooperate is implied in every contract in which cooperation is necessary for performance of the contract,' there is not any 'precedential authority to support the existence of an implied covenant to provide a payoff amount in a transaction involving a promissory note and deed of trust.'" *Dick*, 780 F. App'x at 124 (quoting *Graves v. Logan*, 404 S.W.3d 582, 585-86 (Tex. App.—Houston [1st Dist.] 2010, no pet.)). Further, merely asserting that Defendants failed to respond to Plaintiff's request for an updated payoff "does not amount to an allegation that Defendant hindered, prevented, or interfered with Plaintiff's ability to perform her duties under the contract." *Mass v. Wells Fargo Bank, N.A.*, No. 21-cv-2962, 2022 WL 61161, at *5 (S.D. Tex. Jan. 6, 2022) (holding that merely asserting that the defendant "'did not respond [ ] with the information needed to properly perform the obligations of the Loan' . . . does not amount to an allegation that Defendant hindered, prevented, or interfered with Plaintiff's ability to perform her duties under the contract").

Plaintiff has not alleged facts that establish Defendants breached the duty to cooperate. *See Lahijani v. U.S. Bank Tr. Nat'l Ass'n as Tr. for LSF9*

*Master Participation Tr.*, No. 25-cv-5366, 2025 WL 3653757, at *3 (S.D. Tex. Dec. 17, 2025). As such, Plaintiff's breach of duty of cooperation claim should be dismissed.

### e. Injunctive Relief

Defendants also argue Plaintiff is not entitled to obtain any injunctive relief. (ECF No. 7 at 11–12).

Injunctions are a form of relief that must be based on a valid underlying cause of action. *See Hellas Constr., Inc. v. Beynon Sports Surfaces, Inc.*, No. 19-cv-377, 2019 WL 4254307, at *4 (W.D. Tex. Sept. 6, 2019), *report and recommendation adopted*, No. 1:19-cv-377, 2019 WL 11553742 (W.D. Tex. Oct. 21, 2019) (holding a plaintiff "must establish a substantive underlying claim in order for the Court to award declaratory or injunctive relief" (internal quotations omitted)). Thus, because Plaintiff fails to establish a substantive underlying claim, her claim for injunctive relief should be dismissed. Similarly, dismissal of Plaintiff's underlying claims requires dismissal of her attorney's fees claim. *See Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 484 (Tex. 2019) (holding that to recover attorney's fees under section 38.001, a party must prevail on a cause of action for which fees are recoverable and recover damages).

      f. <u>Leave to Amend</u>

Under Rule 15(a) (2), "[t]he court should freely give leave [to amend] when justice so requires." "Although leave to amend should not be automatically granted, '[a] district court must possess a substantial reason to deny a request for leave to amend[.]'" *Tucker Energy Servs., USA, Inc. v. Ricoh Americas Corp.*, No. 4:12-cv-0417, 2012 WL 2403513, at *1 (S.D. Tex. June 25, 2012) (quoting *Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)). "[A] movant [seeking to cure a defective pleading] must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects." *D.L. Markham DDS, MSD, Inc. 401(K) Plan v. Variable Annuity Life Ins. Co.*, 88 F.4th 602, 613–14 (5th Cir. 2023).

Plaintiff has not responded to Defendants' Motion to Dismiss and has not requested leave to amend. Plaintiff has not provided notice of any amendments she could make to cure the pleading deficiencies explained in Defendants' Motion to Dismiss. As such, the Court recommends leave to amend should not be granted, and the Court's dismissal of Plaintiff's Complaint should be with prejudice. *See Lahijani*, 2025 WL 3653757, at *4.

## IV. Conclusion

Based on the foregoing, the Court **RECOMMENDS** Defendants' Motion to Dismiss (ECF No. 7) be **GRANTED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on January 9, 2026.

_____
Richard W. Bennett
United States Magistrate Judge